JOHN CORTONELIA v. THE STATE.

No. 4202. Decided October 25, 1916.

**Aggravated Assault—Jury and Jury Law—Verdict.**

Where a regular jury of twelve men was impaneled and none excused thereafter, nine of whom found a verdict, the other three refusing to concur, on a trial of a misdemeanor in the District Court, the defendant excepting to the verdict, the court, nevertheless, receiving the same, and entering a judgment of conviction thereon, the same was reversible error. Following Renfro v. State, recently decided.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. Robt. B. Seay.

Appeal from a conviction of aggravated assault; penalty, a fine of twenty-five dollars.

The opinion states the case.

*W. W. Nelms,* for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted of an aggravated assault and fined $25.

The charge was a misdemeanor. The Criminal District Courts of Dallas County, under an Act of the Legislature, are given jurisdiction to try misdemeanor cases. A regular jury of twelve men was empaneled. Nine only found a verdict. The other three refused to concur in the verdict and it seems may have wanted to find the defendant not guilty. Neither of these three were in any way discharged by the judge before the verdict for any reason. The appellant objected to the judge receiving the verdict of the nine jurors only. Notwithstanding this, the judge did receive it, and thereupon entered the judgment of conviction. This was error.

This is a companion case to that of No. 4176, Salty Renfro v. State, and No. 4201, Jack Lane v. State, this day decided on appeal from the same District Court. It is unnecessary to here again discuss the question. On the authority of the opinions in those cases, the judgment is reversed and the cause remanded.

*Reversed and remanded.*